**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, NORTHERN DIVISION**

| | | |
|---|---|---|
| LINDA MITCHELL, | ) | Case No.: 3:19-cv-00065-MMD-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATION REGARDING** |
| | ) | **PROTECTION OF CONFIDENTIAL** |
| | ) | **INFORMATION AND NON-SHARING** |
| UNITED SEATING & MOBILITY, LLC | ) | |
| d/b/a NUMOTION, PERMOBIL, INC.; | ) | |
| JOHN DOES I-XX, inclusive; ABC | ) | |
| CORPORTIONS I-X, inclusive; and | ) | |
| BLACK AND WHITECOMPANIES I-XC, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

In order to preserve and maintain the privileges and confidentiality of information, testimony and other confidential documents to be produced by the parties in the above-captioned action, pursuant to F.R.C.P. 26(c) and having the agreement of the parties Plaintiff Linda Mitchell ("Plaintiff"), Defendant United Seating and Mobility d/b/a Numotion ("Numotion") and Defendant Permobil, Inc. ("Permobil") (collectively "the Parties"), it is hereby **ORDERED:**

1.    The "Confidential Documents" hereinafter referred to and that are to be produced by the Parties during discovery in this litigation are proprietorial information and other documents designated as "Confidential." By agreeing to produce them, the Parties do not waive their rights to protect their privileges and confidential information in any other matters or proceedings.

2. If a Party believes in good faith that any written, recorded or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or other agreement of the Parties contains trade secret or confidential research, development or sensitive commercial information, it may designate such material as confidential by either stamping the word "Confidential" on the document, by any other means provided for in this Non-Sharing Protective Order, or by other reasonable methods as agreed to by the Parties. Material designated as required by this Non-Sharing Protective Order is hereinafter referred to as "Confidential Material." Except as otherwise indicated below, the Confidential Material and the information contained within the materials produced or delivered on behalf of any Party to any other Party to this lawsuit, their attorneys, consultants, agents, or experts in this action shall be given confidential treatment as described below.

3. The Confidential Material and the information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Except as provided for in the paragraphs below, the Parties shall keep the Confidential Documents and material contained therein confidential from all persons.

4. Except with the prior written consent of the producing party, or upon further order of this Court, the Confidential Material shall be shown, or the contents thereof disclosed, only to the following persons (hereinafter referred to as "Qualified Persons") by any Party to this lawsuit, their attorneys, consultants, agents, or experts in this action:

a. The Parties and their counsel of record in this action;

b. Employees of such counsel assigned to and necessary to assist such counsel in the preparation or trial of this action;

c. Independent experts and consultants retained by the Parties whose assistance is necessary for the preparation or trial of this specific action, provided that no

such disclosure shall be made to any person employed by any competitor of Numotion or Permobil, except upon further order of this Court;

    d.    The Court and jury for the trial of this action; and

    e.    Any insurance carrier for any Party.

5.    Before being given access to any Confidential Material or any information contained within the documents, each person to whom the Parties or their respective representatives intend to deliver, exhibit, or disclose any Confidential Material or information contained therein shall be advised of the terms of this Non-Sharing Protective Order and shall be given a copy of this Non-Sharing Protective Order. In addition, persons described in paragraph 4(c) shall agree in writing to be bound by the terms of the Non-Sharing Protective Order. Counsel for the Parties shall maintain a copy of each written confirmation and a list of all persons to whom any Confidential Material or information contained therein is provided, and that list shall be available for inspection by the Court.

6.    Prior to disclosure of any Confidential Material or any information contained within the documents to all persons working for the Parties' counsel, including, but not limited to attorneys, attorneys of counsel, associates, and employees under counsel's direct supervision, or persons employed to act as consultants in this action, counsel for the Parties shall notify and inform such persons of this Non-Sharing Protective Order.

7.    Counsel for the Parties shall keep a record of all copies of Confidential Material distributed, in whole or in part, to Qualified Persons. Any copy so distributed shall be returned to counsel for the Parties after the completion of the Qualified Person's consultation or representation in this case.

8.    To the extent that any Confidential Material or information obtained therefrom is used in the taking of depositions, such document and any information contained in the document shall remain subject to the provisions of this Non-Sharing Protective Order, along with the transcript pages of the deposition testimony dealing with the Confidential Material or information, if and only to the

3

extent that the transcripts pages are designated by a Party as "Confidential Material" within fourteen (14) days of the transcript becoming available. The Party taking the deposition shall retain the original transcript until such time as the filing of the transcript is required by the Court or desired by a Party. At such time the confidential portions of the transcript shall be bound and filed under seal with the Court.

9.      Notwithstanding any other provision of this Non-Sharing Protective Order, it has no effect upon, and its scope shall not extend to, any Party's use of documents from its own files or its own Confidential Material.

10.     Any Party who desires to file material protected by the Non-Sharing Protective Order must comply with F.R.C.P. 26(c)(1) and obtain an order permitting the Party to file the material under seal.

11.     Each Party agrees that when filing with the Clerk of the Court any paper (including, without limitation, affidavits, memoranda, interrogatory answers or depositions) that discloses directly or indirectly any Confidential Material, such paper shall be filed only in a sealed envelope on which shall be endorsed the caption of this action and a statement substantially in the following form:

## CONFIDENTIAL

> This envelope contains documents that are subject to a Non-Sharing Protective Order entered by the Court in this action governing the use of Confidential Material. The envelope should not be opened or the contents thereof disclosed or revealed except by order of the Court. Violation hereof may be regarded as contempt of the Court.

All such materials so filed shall be maintained by the Clerk from the public records in this action and shall be released only upon further order of the Court.

12.     No Party shall be obligated to challenge the propriety of the designation of any Confidential Material, and a failure to do so shall not preclude any subsequent objection to such designation nor shall preclude any motion to seek permission to disclose such designated

Confidential Material to persons not referred to in this Non-Sharing Protective Order, or from otherwise modifying and/or terminating the provisions of this Non-Sharing Protective Order.

13.     Any Party may at any time notify the other Party, or, if applicable, a non-party, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of its objection to the designation of any material as "Confidential." In that event, the challenging and designating parties shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The material in issue shall continue to be treated as designated until the Court orders otherwise. In any such application concerning a ruling on confidentiality, the party challenging the designation of confidentiality has the burden of establishing that such confidential treatment is improper. In the event the Court rules in favor of the challenging party and determines that the designated material is not subject to confidential treatment, then this Non-Sharing Protective Order shall have no effect upon and its scope shall not extend to either Party's use of those specific documents or information subject to the Court's ruling.

14.     Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) or "Confidential Material" shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.

15.     The Parties may disclose and produce responsive documents to each other in this litigation, and seek to do so without risking waiver of any attorney-client privilege, work product or other applicable privilege or protection. As such, the Parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

a.      The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege

protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

b. If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information upon request or if required by applicable case law to the receiving party at the time the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

c. The Identified Materials shall be deleted from any system used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

d. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. The receiving party must take reasonable steps to retrieve the Identified Materials if the receiving party disclosed the Identified Materials before being notified.

e.   If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Stipulation and Order.

f.   The party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned or destroyed, but the basis for such motion may not be based on the fact or circumstances of the production.

g.   The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine or any other asserted privilege in any other federal or state proceeding.

16.   No provision of this stipulated order shall constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine or any other potentially applicable privilege or doctrine. No provision of this stipulated order is intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

17.   In the event that a Party procures a document without a confidentiality designation as permitted by this Order, the following procedures shall apply:

a.   The producing party shall, within fourteen (14) days of the discovery of the disclosure, notify the other party in writing. The party receiving such notice shall promptly destroy the document, including any copies it has, or return the document on request of the producing party. Within ten (10) days after such document is returned or its destruction certified, the producing party will

7

produce a new version of any such document that was returned or destroyed, which will contain the appropriate confidentiality designation.

b.   If the receiving party disputes the producing party's claim of confidentiality, that party may move the Court to challenge the confidential designation in accordance with this Order. If the receiving party elects to file such a motion, the receiving party may retain possession of the document, but shall treat it in accordance with the terms of the Protective Order pending resolution of the motion. If the receiving party's motion is denied, the parties shall promptly comply with this Order.

c.   The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless otherwise ordered by the Court.

18.   Within sixty (60) days after the final termination of this action, each Party, upon the request of the other Party, shall return to the other Party all Confidential Material, all copies thereof, all excerpts therefrom, and all notes embodying the substance of Confidential Material (except for any attorneys' work product), shall be returned to counsel for the Party who made the Confidential Material designation or be destroyed. If a Party elects to destroy rather than return the documents, the Party destroying the documents will notify the Party who made the Confidential Material designation of its decision to do so in writing within fifteen (15) days of destroying the documents. Further, with respect to documents filed under seal with the Court, the producing party may, at its option and within thirty (30) days of the termination of this action, file a motion to continue to seal the documents for a specified period or to withdraw the documents except for any such material that has become part of the Court record.

19.     No Party shall under any circumstances sell, offer for sale, advertise, or publicize either the contents of the Confidential Material or the fact that a Party has obtained the Confidential Material.

20.     After termination of this litigation, the provisions of this Non-Sharing Protective Order shall continue to be binding. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Material for enforcement of the provisions of this Non-Sharing Protective Order following termination of this litigation.

21.     This Non-Sharing Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

22.     Nothing herein shall preclude any Party from seeking relief herefrom or an alteration hereof, in general or as to a particular document or deposition, upon duly noticed motion. Nothing herein shall preclude any Party from responding to any lawful subpoena or court process, provided that notice of such subpoena or process be given within ten (10) days to the Party who has designated the material as Confidential.

**Agreed to:**
**Terry Friedman and Julie Throop, PLLC**

/s/ Julie McGrath Throop
Date: November 26, 2019

Julie McGrath Throop, Esquire
*Attorney for Plaintiff Linda Mitchell*

**Mauer Law Firm PC**

/s/ Debbie Moeller
Date: November 26, 2019
Debbie Moeller, Esquire.
*Attorney for Permobil, Inc.*

**Lewis Brisbois Bisgaard & Smith LLP**

/s/ Brandon Wright
Date: November 26, 2019
Brandon Wright, Esquire
*Attorney for Defendant Numotion*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# <u>ORDER</u>

Paragraph 11 is modified to reflect that any motion regarding filing confidential information and motions to seal shall comply with LR IA 10-5 and the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). *See also*, *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016).

Paragraph 18 is modified to state that once a document is filed under seal by order of the court, the document remains sealed and no "motion to continue the seal" is necessary. Such documents will remain sealed unless the court enters an order unsealing them. LR IA 10-5. Any document filed under seal becomes part of the court record.

Paragraph 20 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED**.

Dated: November 26, 2019.

_____
William G. Cobb
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, NORTHERN DIVISION**

| | | |
|---|---|---|
| LINDA MITCHELL, | ) | Case No.: 3:19-cv-00065-MMD-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AGREEMENT TO BE BOUND BY** |
| | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| UNITED SEATING & MOBILITY, LLC | ) | |
| d/b/a NUMOTION, PERMOBIL, INC.; | ) | |
| JOHN DOES I-XX, inclusive; ABC | ) | |
| CORPORTIONS I-X, inclusive; and | ) | |
| BLACK AND WHITECOMPANIES I-XC, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

I, _____ Julie McGrath Throop _____, acknowledge that I have received notice of the Stipulated Protective Order stipulated upon or entered in the above captioned civil action. I recognize that during my participation in any aspect of this case, I may have occasion to read matters which are designated as confidential information. I agree to use any such confidential information solely in my participation in this civil action. I agree to abide by said Stipulated Protective Order in every respect by maintaining said confidential information in the strictest confidence and acknowledge receipt of notice to compel same pursuant to Court Order. I further agree to subject myself, by signature below, to the jurisdiction of this Court for any contempt proceedings that may be held pursuant to an allegation of violation of the Stipulated Protective Order.

_____ /s/ Julie McGrath Throop_

*(sign here)*